In the Matter of LORD CHUMLEY'S PUB, INC., Debtor.

LORD CHUMLEY'S PUB, INC.,
Plaintiff,

v.

PINO, KNOX & SMITH, P.A., Defendant and Third-Party Plaintiff,

v.

William NORTON and James Cole,
Third-Party Defendants.

Bankruptcy No. 82–670 Orl AP.
Adv. No. 82–500.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Oct. 14, 1983.

Robert H. Roth, Orlando, Fla., for Great Western Meats.

David Kerben, Orlando, Fla., for debtor.

Dennis F. Fountain, Altamonte Springs, Fla., for Norton and Cole.

Laurence J. Pino, Pino, Knox & Smith, Orlando, Fla., for defendant and third-party plaintiff.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case and the immediate matter under consideration is an action to (1) recover property and (2) avoid a lien as a preferential transfer pursuant to § 547 of the Bankruptcy Code. The Complaint was originally filed against the law firm of Pino, Knox & Smith, P.A. (Firm) by Great Western Meats, Inc.; Reds Market, Inc.; Merton, Inc.; Carr Brothers Institutional Foods & Paper Co.; Carr Brothers Frozen Foods, Inc.; John Sexton & Co.; and Graham Jones Paper Co., all creditors who filed an Involuntary Petition on July 7, 1982 against Lord Chumley's Pub, Inc., the Chapter 11 Debtor. The Debtor has since been substituted as Plaintiff and seeks, by way of this adversary proceeding, to avoid a lien which the Debtor granted to the law firm of Pino, Knox and Smith, P.A. to secure the payment of attorneys fees incurred pre-petition, and to recover certain inventory transferred to the firm as part payment for attorney fees.

The Court heard argument of counsel, testimony of witnesses, considered the record in its entirety and finds as follows:

Pino, Knox and Smith, P.A., the Defendant is the law firm which provided legal services to the Debtor between the approximate dates of September 15, 1981 and July 27, 1982. The Debtor became indebted to the law firm for legal services performed pre-petition, executed a $30,000 promissory note in favor of the firm on June 29, 1982 and on June 30, 1982 granted a security interest in all fixtures, equipment, rents and profits and general intangibles. The Firm perfected its security interest by filing a UCC 1 both locally and with the Secretary of State.

Due to the impending action by the above-mentioned creditors, it was clear that the Debtor required further legal services which the law firm refused to perform absent either payment or additional security. It appears that the only items owned by the Debtor which had any value at all consisted of a liquor inventory, which on July 3, 1982 was turned over to the law firm. On July 7, 1983, the involuntary case was filed in this Court.

There is no doubt, based on the facts and it is conceded by the parties that the transfers involved must be set aside as preferential. There remains, however, disagreement as to the number of liquor bottles originally turned over to the law firm, the number of bottles currently in the firm's possession, and the value of any missing bottles.

It is the Debtor's contention that the liquor inventory which was turned over by the Debtor to the law firm consisted of 704 bottles more than are currently in the firm's possession, that the missing bottles are restaurant sized bottles and that the cash value of the missing liquor is approximately $5,748.90. Accordingly, the Debtor seeks not only the return of the inventory currently held by the firm, but also reimbursement of the cash value of the missing bottles. In support of its position, the Debtor produced a list of liquor inventory which was prepared by an officer of the Debtor, assisted by a firm employee, at the time of and simultaneous with the transfer of the liquor to the firm (Pl's Exh. # 1).

The firm attempted to refute the Debtor's evidence and testimony by submitting a

 

list of the inventory which was prepared by the firm in preparation for litigation, well after the transfer and while the liquor was in the firm's possession. In addition, the firm offered some testimony that the bottles were of varying sizes and not capable of valuation.

The Court is of the opinion that the law firm has failed to refute the Debtor's evidence and testimony with any degree of reliability and, therefore, the Debtor is entitled to recover the inventory currently in the firm's possession as well as the value of the missing inventory in the amount of $5,748.90.

A separate final judgment will be entered in accordance with the foregoing.